UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REALTHEA SHAFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:15-cv-0355-WTL-MJD |
| ) | |
| PNC BANK, NATIONAL ASSOCIATION ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANTS' MOTIONS TO DISMISS

This cause is before the Court on Defendants' PNC, f/k/a National City Bank and National City Mortgage Company ("PNC") and Feiwell & Hannoy's motions to dismiss. (Dkt. Nos. 7, 9.)[1] The Plaintiff has not filed a response to either motion, and the time for doing so has passed. The Court, being duly advised, **GRANTS** the motions for the reasons set forth below.

### I. STANDARD

The Defendants move to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). In reviewing a Rule 12(b)(1) motion, the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quotation marks and citation omitted).[2]

---

[1] PNC filed a substantive motion to dismiss in which Feiwell & Hannoy joins.
[2] The Defendants also move to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court need not reach that argument.

## II.  BACKGROUND

The subject of this complaint previously was litigated in a Marion Superier Court foreclosure action, *Kessler Greene Community Association, Inc. v. Shaffer et al.*, Case No. 49D03-1209-MF-35748 (the "State Court Action.")  In September 2012, Kessler Greene Community Association, Inc., a homeowners' association, sought to foreclose on the Plaintiff's property located at 3751 W. 46th Street, Indianapolis, Indiana (the "Property"), for nonpayment of homeowners' association dues. PNC (then National City Mortgage), which held a first priority mortgage on the property, was also named as a defendant in that action. PNC brought a cross-claim against the Plaintiff to foreclose on the Property because of her default on the promissory note secured by the mortgage, and the Plaintiff, who was represented by counsel throughout the State Court Action, filed an answer to the cross-claim.

After briefing by both sides and a hearing, the Marion Superior Court entered summary judgment in favor of PNC and determined that PNC was entitled to enforce its promissory note. The court also found that PNC's mortgage was a first priority lien against the Property, entered a decree of foreclosure, and ordered the subject property be sold at action by the Sheriff. PNC later moved for and obtained an order for writ of assistance, which again made clear that PNC was the owner of the Property and entitled to immediate possession. The Plaintiff filed a notice of appeal to the Indiana Court of Appeals. However, the Plaintiff failed to timely file her brief, and her appeal was dismissed with prejudice. No petition to transfer the case to the Indiana Supreme Court was filed.

On March 2, 2015, the Plaintiff filed her complaint in this matter, asserting four claims: demand for chain of title; statutory violations; a Fourteenth Amendment violation; and a clarification as to the individual status of each party under the Fair Debt Collection Practices Act,

15 U.S.C. § 1692a.[3] The Plaintiff alleges the "the Defendants have procured their positions through the application of Deception and Fraud." Dkt. No. 1 at 3. The Plaintiff labels the Defendants' "claims to clear title" as "egregious acts committed in state court." *Id.* at 4.

### III.   DISCUSSION

The Plaintiff is proceeding *pro se* in this matter. Accordingly, the Court is required to liberally construe her Complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). The Defendants move to dismiss all counts for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, there are two categories of federal claims that are jurisdictionally barred: (1) instances where "a plaintiff[] request[s] . . . a federal district court to overturn an adverse state court judgment"; or (2) instances where federal claims were not raised in state court or do not require review of a state court's decision but yet are "inextricably intertwined" with a state court judgment. *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citation omitted). The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonwealth Plaza Condo. Ass'n v. City of Chi.*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Importantly, the purpose of the doctrine is to "preclude[] lower

---

[3] The Plaintiff has not attempted to assert a claim under the Fair Debt Collection Practices Act, but rather appears to ask the Court to help her ascertain whether such a claim might exist. This is not a proper use of a complaint and does not state a cause of action.

federal court jurisdiction over claims seeking review of state court judgments . . . [because] *no matter how erroneous* or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)) (emphasis added).

Here, the Plaintiff seeks review and reversal of the Indiana state-court judgment. The thrust of her complaint is that PNC cannot enforce its note and mortgage. In essence, the Plaintiff is asking the Court to overturn the state court's judgment. Even had the state court erred in its judgment, the Court could do nothing to remedy that error, because as noted above, the United States Supreme Court has exclusive federal appellate jurisdiction over review of the state court's judgment. *See Commonwealth Plaza Condo. Ass'n*, 693 F.3d at 745. In other words, the Plaintiff's claims are precisely the type of claims the *Rooker-Feldman* doctrine was designed to prevent the Court from reviewing.

Nor do the Plaintiff's allegations of deception and fraud allow the Court to retain jurisdiction. "[F]raud (no matter how described) does not permit a federal district court to set aside a state court's judgment in a civil suit." *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). And while "federal courts retain jurisdiction to award damages for fraud that imposes extrajudicial injury," *id.*, the Plaintiff's complaint alleges no extrajudicial injury. Thus, no exception to the *Rooker-Feldman* doctrine applies. The Court simply has no jurisdiction to review the state court's actions.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motions to dismiss are **GRANTED** and the Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

SO ORDERED: 9/2/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Realthea A. Shaffer**
**3751 W. 46th Street**
**Indianapolis, IN 46228-6792**

Copies to all counsel of record via electronic communication.